[Cite as *In re Edgell*, 2011-Ohio-5298.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: MILDRED K. EDGELL


MILDRED K. EDGELL

      Applicant


Case No. V2010-50744

Commissioners:
Karl C. Kerschner, Presiding
Lloyd Pierre-Louis
Susan G. Sheridan

ORDER OF A THREE-COMMISSIONER PANEL

{¶1}On November 3, 2009, the applicant filed a compensation application as the result of an assault which occurred on September 25, 2009. The Attorney General granted the applicant an award of reparations in the amount of $94.20.

{¶2}On June 10, 2010, the applicant filed a supplemental compensation application. On July 16, 2010, the Attorney General issued a finding of fact and decision based on the supplemental compensation application granting the applicant an additional award in the amount of $84.07, which represented expenses incurred for services provided by the M & M Fire Department. The applicant's claim for additional medical expenses was denied since these expenses were reimbursed by Aultra Administrative Group, a readily available collateral source. Finally, the applicant's claim for compensation for eyeglasses was denied since the police report indicated only the applicant's husband's eyeglasses were damaged at the time of the criminal incident.

{¶3}On July 20, 2010, the applicant submitted a request for reconsideration. The applicant asserted that it was her eyeglasses that were damaged at the time of the incident. On August 30, 2010, the Attorney General rendered a Final Decision finding

no reason to modify its initial decision.  On September 8, 2010 the applicant filed a notice of appeal from the August 30, 2010 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on December 1, 2010 at 10:40 A.M.

{¶4}The applicant's attorney Michael Falleur appeared at the hearing, while Assistant Attorney General Matthew Karam represented the state of Ohio.

{¶5}On November 29, 2010, the Attorney General filed a motion requesting the claim be remanded for payment of the applicant's eyeglass expense.  The hearing concerned that motion.

{¶6}The Attorney General stated that based on new information received from the applicant, she has proven by a preponderance of the evidence that her glasses were damaged as the proximate cause of the criminally injurious conduct. The applicant submitted evidence which indicated the dates when she originally purchased her eye wear, and subsequently when she went to the opthamologist to receive a replacement pair of glasses, and also a letter from her husband confirming that her glasses were damaged at the time of the criminal conduct.   The applicant expressed agreement with the Attorney General's position.   Both parties urged the granting of the Attorney General's motion.   Whereupon, the hearing was concluded.

{¶7}From review of the case file and with full and careful consideration given to the statements made at the hearing and the agreement of the parties, we find the Attorney General's motion to remand is granted.

IT IS THEREFORE ORDERED THAT

{¶8}1)   The Attorney General's motion to remand is GRANTED;

{¶9}2)   The Attorney General's decision of August 30, 2010 is REVERSED and judgment is entered in favor of the applicant;

{¶10}3)   This claim is remanded to the Attorney General for calculation of the allowable expenses sustained as the result of the damage to applicant's eyeglasses;

{¶11}4)  This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{¶12}5)  Costs are assumed by the court of claims victims of crime fund.

_____
KARL C. KERSCHNER
Presiding Commissioner


_____
LLOYD PIERRE-LOUIS
Commissioner


_____
SUSAN G. SHERIDAN
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2011\January 2011\V2010-50744 Edgell.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Morgan County Prosecuting Attorney and to:


Filed 1-21-11
Jr. Vol. 2277, Pgs. 172-174
Sent to S.C. Reporter 10-13-11